IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>WESTERN DIVISION</u>

| | | |
|---|---|---|
| PROGRESSIVE SPECIALITY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-PWG-1634-W |
| | ) | |
| LYDIA WALDEN, THOMAS E. FULGUM, JR., LWA ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OF OPINION</u>

This matter is before the court for consideration of related motions pending in this declaratory judgment action. On May 27, 2009 the defendant to the declaratory judgment action, Lydia Walden, filed a motion to extend the discovery deadlines established in the initial scheduling order. (Doc. #38). Defendant Thomas E. Fulgum, Jr. and LWA Enterprises, Inc. have filed a similar motion. (Doc. #39). Also pending is the motion of Fulgum and LWA Enterprises for leave to add additional parties and assert a counterclaim. (Doc. #36). The defendants have also filed a motion to compel deposition testimony of a representative of Progressive Speciality Insurance Company. (Doc. #32). Finally, Lydia Walden's motion to dismiss the declaratory judgment action is ripe for consideration. (See doc. #7). This litigation is before the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(c), the parties having consented to dispositive jurisdiction by the Article I judge. The case was initially assigned to the undersigned magistrate judge pursuant to the General Orders of Reference dated July 25, 1996, May 8, 1998, as amended July 27, 2000. See also 28 U.S.C. § 636 and Rule 72, *Federal Rules of Civil Procedure*.

The motion to dismiss (doc. #7) is GRANTED for the reasons set forth below.  Motions #35, #39, #36 and #32 are MOOT.

<u>OPERATIVE FACTS</u>[1]

In June 2008, Lydia Walden made her living demonstrating Kirby vacuum cleaners.  Ms. Walden and other sales team members would meet at the office of LWA Enterprises in Tuscaloosa, Alabama and travel to various cities and/or neighborhoods to demonstrate the product.  The sales teams included a team leader and those like Ms. Walden who demonstrated the vacuum cleaners to potential customers.  On June 25, 2008, Ms. Walden was a passenger in a van owned by LWA Enterprises, Inc. and driven by Thomas E. Fulgum, Jr.  At some point the van left the highway in Monroe County, Alabama and collided with a tree.  Ms. Walden was thrown forward over two seats in the van.  She came to rest between the front driver and passenger seats.  Apparently Ms. Walden's injuries were severe and included a fracture of her lumbar spine.  She was transported by helicopter and ambulance to a hospital for treatment.

In August, 2007, LWA had purchased a policy of insurance from Progressive Speciality Insurance Company through Nathan Keys, an insurance agent.  Progressive issued a policy and accepted premiums from LWA.  On September 24, 2008, Ms. Walden initiated a civil action in the Circuit Court of Tuscaloosa County, Alabama alleging that her injuries were the result of negligence and wantonness on the part of Thomas E. Fulgum, Jr., LWA Enterprises, Inc., and Great Southern Distributing Company.  The complaint also named as defendants State Farm Mutual Automobile Insurance Company and Progressive Speciality Insurance Company.  (Doc. #7-2).  The complaint

---

[1]       The "facts" outlined below are merely intended to provide context to the position of the parties.  The "facts" are drawn from the pleadings and should not be presumed to establish the truth of the allegations of those pleadings.

identified Progressive Speciality Insurance Company as a foreign corporation doing business in

Tuscaloosa County, Alabama.  Count five of the complaint in Tuscaloosa County alleged that

> 21.   LWA Enterprises, Inc., and/or Great Southern Distributing Company
> are named insurers on a policy of liability insurance issued by
> Progressive Speciality Insurance Company with liability coverage
> extended to named insured and also to those occupying an insured
> vehicle with permission.  Defendant Thomas E. Fulgum, Jr.. [sic,]
> was operating a vehicle insured under the Progressive Speciality
> policy and was an insured by definition.

(Doc. #7-2, Tuscaloosa County complaint at p.7, ¶ 21).

Count four of the complaint specifically alleged that "Progressive wrongfully denied coverage

alleging an exclusion for injuries 'occurring during the course of employment if workers

compensation coverage should apply to the facts of this case.'" (*Id.*, p. 8).  Ms. Walden expressly

contended in her complaint that she was "an independent contractor," not an employee, and that the

exclusion set out in the policy did not apply.[2]

Progressive Speciality Insurance Company filed this action under 28 U.S.C. § 2201 and 28

U.S.C. § 1332 in which the company seeks a declaration of the rights and responsibilities of the

parties to the contract of insurance issued to LWA.  The declaratory judgment action preceded the

filing of the state court complaint by approximately three weeks.  The declaratory judgment action

characterized the relationship between Ms. Walden and LWA as one of employer-employee.

> 6.   Walden was a part of a crew of persons who solicited sales of Kirby
> vacuum cleaners on behalf of LWA.  LWA was a Kirby Company
> distributor.   An LWA manager drove a fifteen-person van with

---

[2]   Morever, Ms. Walden contended as a matter of law that her claim for benefits "... will necessarily require a factual determination of whether the plaintiff was an employee of LWA Enterprises and/or Great Southern Distributing Company or whether she was independent contractor.  While plaintiff submits there is no good faith reason for Progressive Speciality to dispute plaintiff's status as an independent contractor, that issue will have to be decided in <u>this</u> litigation."  (Doc. #7-2, Tuscaloosa complaint at p.8) (emphasis added).

several <u>employees</u> to the area in which to make sales calls.  The group
would target a city for sales activities, obtain a permit, and then
canvass the neighbor door-to-door for vacuum sales.  (emphasis
added).

(Doc. #1, p.2, ¶ 6).

The declaratory judgment action asserts a "justiciable controversy exists [as to] whether the injury

to Walden falls within [an exclusion] within the policy."  (*Id*., p. 4).  The exclusion at issue refers

to an exclusion with respect to bodily injury to

an employee of any insured arising out of or within the course of:

       a.      That employee's employment by any insured; or

       ii.     Performing duties related to the conduct of any
             insured's business; ...

This exclusion applies:

       a.      Whether the insured may be liable as an employer or in any other
             capacity; and

       b.      To any obligation to share damages with or repay someone else who
             must pay damages because of an injury.

(Declaratory judgment complaint, doc. #1, p.3).

The parties agree that an issue to be litigated, whether in the Circuit Court of Tuscaloosa County,

Alabama or the Northern District of Alabama is whether Ms. Walden was an independent contractor

or an employee and if Ms. Walden was an independent contractor, whether LWA "reserved the right

of control over such persons [so as] to render them employees within the purposes of the above-

quoted exclusions."  (Doc. #1, p.4).

The parties do not dispute that Alabama law controls the underlying substantive issues in this

diversity action.  An insurer's duty to defendant "is determined primarily by the allegations contained

4

in the complaint." *Hartford Casualty Insurance Co. v. Merchants and Farmers Bank*, 928 So.2d 1006, 1009 (Ala. 2005) (internal quotation marks omitted).  An insurer's duty to indemnify generally must be examined independently from its duty to defend.  *Porterfield v. Audubon Indemnity Co.,* 856 So.2d 789, 792 (Ala. 2002).[3/]

APPLICABLE LAW

The Scope of the Declaratory Judgment Act

As the Supreme Court has consistently noted the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant."  *Wilton v. Seven Falls*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).  The Act merely provides federal courts competence to make a declaration of rights without imposing a duty to do so.  *Brillhart v. Excess Insurance Company of American*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).  Gratuitous federal interference with the orderly and comprehensive disposition of a state court litigation is to be avoided.  *Id*., p.495.  Federal district courts had substantial latitude in deciding whether to stay or dismiss declaratory judgment suits in light of pending state proceedings.  *Wilton*, 515 U.S. at 286.  "The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum."  *State Farm Auto Insurance Companies v. Summey*, 234 F.3d 131, 136 (3d Cir. 2000).  The Eleventh Circuit has long recognized the District Court's discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties."  *Ven-Fuel, Inc. v. Department of the*

---

[3/]    While it is not absolutely clear, it appears that Progressive has provided LWA and Fulgum with a defense under a reservation of rights.

5

*Treasury,* 673 F.2d 1194, 1195 (11ᵗʰ Cir. 1982).  The dismissal of a declaratory judgment action is reviewed by the Eleventh Circuit for an abuse of discretion.  The abuse of discretion standard "... do[es] not mean that a district court may do whatever it pleases.  The phrase means instead that the court has a range of choices, and that its decision will not be disturbed so long as it stays within that range and is not influenced by any mistake of law." *Kern v. PXO Products Corp.*, 738 F.2d 968, 970 (8ᵗʰ Cir. 1984).  Frequently cited by the Eleventh Circuit in its explanation of the abuse of discretion standard, *Kern* establishes that an abuse of discretion "can occur in three principle ways: (1) when a relevant factor that should have been given significant weight is not considered; (2) when an irrelevant or improper factor is considered and given significant weight; and (3) when all proper factors and no improper ones, are considered, with the court, in weighing those factors, commits a clear error in judgment." *Id*.  For example, in *Old Republic Union Insurance Company v. Tillis Trucking Co., Inc.*, 124 F.3d 1258 (11ᵗʰ Cir. 1997) the Eleventh Circuit held that a district court did not err in relying exclusively on traditional principles of federalism and comity to dismiss a declaratory judgment action in favor of a state court proceeding.  In *Ameritas Variable Life Insurance Company v. Roach*, 411 F.3d 1328, 1330 (11ᵗʰ Cir. 2005) the Eleventh Circuit reinforced *Ven-Fuel* and provided district courts with additional guidance in the proper exercise of discretion under the Declaratory Judgment Act where parallel state proceedings might resolve the entire controversy.  In *Ameritas* the court emphasized that district courts must balance the interest of federalism, comity, and efficiency in determine whether to hear declaratory judgment actions.  411 F.3d 1330-31.  The *Ameritas* court promulgated a non-exhaustive set of "guideposts" to be considered including: (i) the state's interest in deciding the matter; (ii) whether a judgment in the federal action would completely resolve the controversy; (iii) whether the declaratory judgment

action would clarify the parties' legal relations; (iv) whether the federal action is in the form of "procedural fencing" being utilized "to achieve an arena for *res judicata* or to achieve a federal hearing in a case not otherwise removable;" (v) whether a ruling in the federal action would increase friction between federal and state courts or otherwise encroach on state proceedings; (vi) whether a superior alternative remedy exists; (vii) whether the underlying facts are important to informed resolution of the matter; (viii) whether the state court is better situated than the federal court to evaluate those facts; (ix) the nexus (if any) between the underlying issues and state law/policy, and whether federal common law or statutory law requires resolution of the declaratory judgment action. See *id* at 1331.  See also, *Lexington Insurance Company v. Rolison*, 434 F. Supp. 2d 1228, 1238-44 (S.D. Ala. 2006) (Applying the *Ameritas* guideposts in the context of a declaratory judgment action filed by an insurer after entry of state court judgment against punitive insured.)

Courts have noted that issues of indemnification are frequently assessed in terms of "ripeness."  Careful consideration of the relevant factors involved in declaratory judgment actions has lead thoughtful judges to specifically note the unnecessary drain on resources of both the parties and court in attempting to resolve indemnity issues which may well become moot should the insured prevails in the underlying lawsuit.  "The time and effort the court and the parties would have put toward resolving the issue would be wasted."  *Guaranty National Insurance Company v. Beeline Stores, Inc.,* 945 F. Supp. 1510, 1515 (M.D. Ala. 1996).  In the present case, however, the indemnity issue is itself a component of the state litigation.  Some time and effort will be experienced in one court or the other.

The Motion to Dismiss (Doc. #7)

Ms. Walden's motion invokes the abstention doctrine of *Ameritus*, *supra*, by noting, *inter alia*, that the discrete issue of her employment status is an issue in the state complaint itself.  Ms. Walden contends that the questions of coverage and liability are questions of Alabama law.  She notes that other district courts have dismissed similar declaratory judgment actions finding that "...[t]he desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum."  (Doc. #7 at p.4, citing *Progressive Speciality Insurance Co. v. Bailey*, 2006 U.S. Dist. LEXIS 51123 (S.D. Al. 2006), (in turn citing *State Farm Auto Insurance Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir. 2000)).

*AMERITAS* ANALYSIS

A review of the non-exhausted guidelines established in *Ameritas* is considered below.

(1)      Alabama's interest in deciding the matter

It is clear, of course, that Alabama law is dispositive of the underlying issue in the federal declaratory judgment action that it is the duty of Progressive Speciality to indemnify the defendants in the Tuscaloosa litigation.  Under Alabama law the insured bears the burden of establishing coverage by demonstrating that a claim falls within the policy, *Colonial Life & Accident Insurance Co. v. Collins,* 280 Ala. 373, 194 So.2d 532, 535 (Ala. 1967), while the insurer bears the burden of proving the applicability of any policy exclusion.  *Universal Underwriters Insurance Company v. Stokes Chevrolet, Inc.*, 990 F.2d 598, 605 (11th Cir. 1993).  Related to the issue of coverage is a separate body of Alabama law addressing the nature and scope of the employer/employee relationship in light of policy exclusions.  See e.g. *Birmingham Post Company v. Sturgeon*, 227 Ala. 162, 149 So. 74 (1933) (Stating generally the test for distinguishing an employee from an

independent contractor for workers compensation purposes is whether the purported employer reserved the right control the manner in which the worker performed the duties of the work.)  See also *White v. Henshaw*, 363 So.2d 986, 998 (Ala. Civ. App. 1978); *Turnipseed v. McCafferty*, 521 So.2d 31, 32 (Ala. Civ. App. 1987).  Alabama courts have held that factors to be considered in the determination of this relationship include whether an individual or entity has retained the right of control and that in turn requires an examination of factual matters such as (1) direct evidence demonstrating a right or exercise of control; (2) the method of payment for services; (3) whether equipment is furnished; and (4) whether the other party has a right to terminate the employment.  See *Ex Parte Curry*, 607 So.2d 230 (Ala. 1992).  Each of these factors is fact specific.

Clearly Alabama has an express interest in resolving a matter that arises exclusively under Alabama law.

(2)    Settling the Entire Controversy

The Eleventh Circuit requires district courts to consider "whether a judgment in the federal declaratory action would settle the controversy."  *Ameritas*, 411 F.3d 1331.  The matter raised in a declaratory judgment action is but a small component of the issues presented in the underlying state court action.  In the event this court were to adjudicate the coverage question in the declaratory judgment action, significant related legal and factual issues would remain.  The question of Ms. Walden's employment status may itself affect the liability of her putative employer regardless of this court's determination of her status for the purposes of the policy exclusion.  Both the liability and coverage issues are expressly before the Circuit Court of Tuscaloosa County.  Like the first factor, this factor favors abstention.

(3)     Clarifying the Legal Relations at Issue

Clearly deciding the underlying question of Ms. Walden's employment status would clarify that legal relationship.  The question, however, is where that clarification is most appropriately decided.  See *Continental Casualty Company v. Alabama Emergency Room Administrative Service, P.C.*, 2009 WL 97299 (M.D. Ala. 2009) (Noting that who is or is not an employee is not a matter for the insurer to establish but for a finder of fact.)  The third factor is essentially neutral with regard to abstention in that either court is in a position to clarify the legal relationship between Walden and her putative employee.

(4)     Procedural Fencing

The fact that Progressive Speciality Insurance Company filed this declaratory judgment action shortly before the filing of the state court action raising the identical issue intimates that Progressive Speciality sought to avoid resolution of the question in a state court which unequivocally has jurisdiction.[4/]  The federal declaratory judgment action would also afford Progressive Speciality an opportunity to resolve the matter in a federal forum although the entire action in state court could not be removed because the parties are not diverse.  This procedure if permitted would allow Progressive Speciality to foreclose plaintiff's right to a direct action in state court seeking declaratory relief against Progressive.  This *Ameritas* factor weighs in favor of abstention.

(5)     Whether Declaratory Judgment Action Would
        Increase Friction Between Federal and State Courts

It is undisputed that identical issues are now present in the state court and in the United States District Court for the Northern District of Alabama.  It is also undisputed that Alabama law alone

---

[4/]     There is absolutely nothing improper about such a decision.  The reference merely illuminates that such a decision can be motivated by such a factor.

resolves all of the substantive issues between Progressive Speciality and the parties in the underlying state court action.  The Alabama courts have both the right and obligation to decide the application of Alabama law to the exclusions within the policy and make the appropriate factual determination related to that exclusion.  Should this court act upon the declaratory judgment action it would strip the Alabama courts of the opportunity of addressing the coverage issue on its own schedule.  This factor weighs in favor of abstention.

(6)     Whether there is an Alternative Remedy that is Better or More Effective

The Tuscaloosa County Circuit Court is in a position to resolve both the liability and coverage issues, an alternative obviously superior to bifurcating related matters for resolution in this court.

(7)     Whether the Underlying Facts are Important to an Informed Resolution of the Matter

There are significant fact issues to be resolved with respect to the relationship between Ms. Walden and the owner of the van and its operator.  The development of those facts in this court would duplicate efforts of the parties in the underlying dispute on the same question.  This is not a question of simply assessing the language of a policy exclusion but, rather, a fact specific inquiry involving substantial matters outside the record.

(8)     Whether the State Court is Better Situated than the Federal Court to Evaluate those Facts

The state court is not only in a better position to evaluate the facts in this action but in a better position to control the orderly discovery of the facts.  If this court conducts such an inquiry it would mean some witnesses would be deposed twice in two separate actions because the exclusion question is inter-related to the facts relative to liability.  The state court is then in a position to apply state law

to the relevant facts after appropriate discovery and reach a conclusion consistent with Alabama authority.

(9)     Nexus Between Actual and Legal Issues with State Public Policy

While the United States District Court for the Northern District of Alabama in diversity actions may affect the substantive law of the state of Alabama it is generally not intended to do so. The declaratory judgment action on the other hand is a direct intervention of the federal court into matters of substantive Alabama law.  The issues raised are matters of state law, public policy and there is no application of federal common law or statutory law.  It is also of some significance that a worker's status as an employee or independent contractor may be an issue of fact which precludes even summary judgment under Alabama law requiring the determination to be made by a jury.  See, e.g., *Sartain v. Madden*, 955 So.2d 1024, 1030-31 (Ala. Civ. App. 2006) ("Our opinion should not be misread to compel any particular conclusion regarding whether an independent-contractor relationship or an employer-employee relationship existed ... rather, we merely direct the trier of fact to weigh the evidence and reach its own conclusion based on all that evidence.") (emphasis added).

A factor related to those set out in *Ameritas* are the additional motions recently filed in this action.  The motion to compel and the motion for protective orders as related to the underlying investigation could produce wildly different results.  In the event this court were to narrowly construe the scope of the declaratory judgment action and preclude discovery of such material, nothing would bar the Circuit Court of Tuscaloosa County from expanding that scope because the same issue is raised there.  The defendants in this declaratory judgment action had also sought to assert counter claims which cannot be resolved in the federal declaratory action.  The motion for leave to add additional parties and assert a counterclaim are simply the plaintiff's way of importing aspects of the

state action into the declaratory judgment action by reuniting the various claims from the underlying state with the direct action against Progressive. While a party may not avoid an appropriate declaratory judgment action by merely "muddying the waters," in the present case the collateral issues raised in the declaratory judgment action argue in favor of this court abstaining.

Accordingly, the defendants' motion to dismiss the declaratory judgment action (doc. #7) is due to be GRANTED and the action DISMISSED WITHOUT PREJUDICE. A final judgment will be entered.

As to the foregoing it is SO ORDERED this the 8th day of June, 2009.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE